28 C. C. P. A. (Patents)

### In re ELIOT.

**Patent Appeal No. 3455.**

Court of Customs and Patent Appeals.

April 8, 1935.

Charles E. Riordon and C. Russell Riordon, both of Washington, D. C. (John H. McCready, of Boston, Mass., of counsel), for appellant.

I. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office, which rejected claims 14 and 15 of appellant's application for patent upon an alleged improvement in garages. Appellant's rejected claims are represented by claim 14, which is as follows: "14. An open air garage comprising a skeleton building including a frame and a plurality of floors supported thereby and arranged one above another, the greater part of the spaces between floors normally occupied by outside walls being open, whereby the floors open directly to the outside atmosphere, guards located at the edges of the upper floors for preventing cars from running off said edges, and means for enabling cars to travel from one of said floors to another."

The claims were rejected by the examiner in the Patent Office on the reference D'Humy, No. 1,298,183, of March 25, 1919, and also by reference to the bridge over Rock Creek Valley, in Washington, commonly called Calvert Street Bridge. The Board of Appeals affirmed the decision of the examiner.

The appellant discloses, as is evident by the claim above quoted, a structure for providing parking space for automobiles. This consists of a building containing several floors, one above the other, supported by a skeleton structure. In lieu of the wall which ordinarily constitutes the outside of the building between the upright beams of the structure, the appellant, in order to reduce cost, has omitted these intervening walls and has substituted a curb upon the floor, back of which are a number of rails; the curb and rails being for the purpose of restraining the parked cars from passing through the spaces where the walls have been omitted. In the

interior of the structure, the appellant has disclosed a ramp structure, by which the cars can be moved from floor to floor. The adjoining floors in the building are staggered in relation to each other, and to the ramp before mentioned.

The ramp structure is fully shown by the reference D'Humy. The only feature, therefore, upon which the appellant might claim invention, is the omission of the walls and the substitution therefor of a curb and railing. It is not denied that the Calvert Street Bridge, referred to by the examiner, shows such a curb and railings. It is complained that such a reference should not be cited. However, if the appellant had seriously questioned the citing of this bridge structure, he could have proceeded under rules 66 and 76 of the Patent Office and required the affidavit of the examiner, and would have then been in position to contradict or explain the same. This he did not do.

We are unable to find any error in the decision of the Board of Appeals. We cannot believe that it is inventive to omit the walls of a structure as the appellant has disclosed, and it seems quite obvious that this would readily occur to the mind of one who was attempting to save expense, and when the necessity of the side walls was lacking. Certainly, the idea of substituting a curb or guard rails, or both, as a method or methods of preventing the cars from going through these openings, would be obvious.

The decision of the Board of Appeals is affirmed.

Affirmed.