25 C.C.P.A.(Patents)

## In re LEWIS.
### Patent Appeal No. 3967.

Court of Customs and Patent Appeals.
June 6, 1938.

1010

Laurence B. Dodds, of New York City, and J. D. Stewart, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming a decision of the Primary Examiner rejecting claims 25 to 30, inclusive, of appellant's application for a patent.

Several claims were allowed by the examiner. Claim 25 is illustrative of the rejected claims, and reads as follows:

"25. A broadcasting system comprising a plurality of transmitting stations, each including means for transmitting a unified program comprising a plurality of component portions transmitted by carriers having a predetermined frequency relation which is the same for all stations, and a receiving station tunable to receive any of said transmitted programs and including means for simultaneously selecting only a plurality of signals whose carriers have said predetermined frequency relation, and means for separately reproducing said received signals to provide a complete reproduced program."

The application relates to a system for the transmission and reception of television and related sound signals, and is described by the examiner as follows:

"A plurality of broadcasting stations are provided from each of which are transmitted a carrier modulated by television signals and a second carrier modulated by accompanying sound signals. The two carriers transmitted by any one transmitting station are related in frequency, the fre-quencies of the carriers bearing a predetermined ratio to each other. This ratio is the same for all of the transmitting stations.

"The receiver is selective of the combined program from any one of the transmitting stations and contains two circuits, one for the television signals and the other for the sound signals, and is provided with unicontrol tuning means having a single tuning knob for simultaneously tuning both circuits. The tuning circuits are so designed that as the tuning knob is adjusted throughout its entire range the above-mentioned predetermined ratio is maintained between the circuit of the television portion of the combined receiver and that of the sound portion for all positions of the tuning knob. In this manner, by adjustment of a single control the sound and vision signals from any one of a number of transmitting stations may be simultaneously tuned in."

The references cited by the examiner are—

Hartley, 1,571,005, January 26, 1926.
Harries (British Patent), 338,617, November 27, 1930.

The examiner rejected the appealed claims as unpatentable over the British patent to Harries alone, and he also rejected them as unpatentable over the British patent in view of the patent to Hartley.

The British patent is not set forth in the record, but the Board of Appeals, in its decision affirming the rejection of the appealed claims, stated that—

"While we do not think the claims anticipated by the British patent above discussed, we are of the opinion that they do not define a patentable invention over broadcasting practice now well known in the art, especially in view of Hartley."

The discussion of the British patent to which the board alluded was to the effect that the British patent shows the simultaneous sending and receiving of a plurality of signals in a point-to-point manner to be old, but that the apparatus is not tunable. Since in the examiner's statement it is set forth that the British patent discloses simultaneous transmission and reception of speech and television waves, it must be that the board, in its decision, meant that the said sending and receiving of speech and pictures was old in the art of ether wave transmission.

The patent to Hartley relates to a secret point-to-point signaling system and is described by the board as follows:

"The patent to Hartley shows what appears to be a point-to-point signaling system by which a plurality of signals bearing a certain numerical relationship to each other may be simultaneously sent or received. In order that these signals may not be intercepted by one unauthorized to receive the same, provision is made for constantly varying the frequencies. Synchronizing impulses are transmitted from one station to the other so that as the frequencies at one station are continuously varied, a similar variation takes place at the other station so that the various frequencies at the receiving station will always be appropriate to the various frequencies being transmitted. While the Hartley patent does not disclose a broadcasting system in the sense of the present claims, we think it does teach the maintaining of a definite relationship between filters which may be used either for transmitting or for receiving signals. * * *"

In two of his five reasons of appeal appellant contends that—

"(1) The Board of Appeals erred in holding that claims 25-30, inclusive, are unpatentable 'over broadcasting practice now well known in the art';

"(2) The Board of Appeals erred in holding that claims 25-30, inclusive, are unpatentable 'over broadcasting practice, now well known in the art' in view of patent No. 1,571,005 to Hartley, granted January 26, 1926."

Our decision on these two reasons of appeal will be decisive of the issue.

 Appellant contends that since his application was filed approximately six years prior to the decision of the board, the expression in its decision, "* * * we are of the opinion that they [the rejected claims] do not define a patentable invention over broadcasting practice now well known in the art * * *," in no wise affects the patentability of the claims on appeal.

Appellant argues that the board's expression, "now well known," should be construed to mean at the time its opinion was written. We cannot agree with this contention. To do so would be to charge the Board of Appeals with an intent to reject the claims of appellant on knowledge of the art not possessed until after the date appellant's application was filed. This we decline to do. In our opinion the language of the board, with respect to "practice now well known in the art," meant practice that was in existence at the time appellant's application was filed.

Appellant contends that there is nothing in the record, except the patent to Hartley, showing the prior art at the time of appellant's filing date.

It is true that the Board of Appeals held that the rejected claims were not anticipated by the British patent for the reason that neither the sending nor receiving apparatus of the patent is tunable. But the board did discuss the British patent and said, in effect, that to send and receive a plurality of speech and visual sound waves is not new because the patent shows it. The patent was held by the board to disclose part of the art, and to such extent as it concerned the board we think it must be considered by us.

The board, in its decision, also stated that—

"Present systems involve the broadcasting on properly separated wave lengths of various programs which may be received by tuning to the appropriate wave length. In present-day tuning apparatus, there are usually two or more elements in the receiving set which require movement. It is a common expedient to gang these elements together and to give them such values that they may be properly tuned simultaneously by the movement of a single control element."

██ The above statement appears to be a statement of facts within the knowledge of an employee of the Patent Office. Such statements are available as references. Appellant, if he wished to question the said statement of facts made by the Board of Appeals, both in regard to the facts themselves or their existence before appellant's filing date, should have proceeded under rules 66 and 76 of the Patent Office. Apparently no affidavit was requested in accordance with said rules, and appellant may not now be heard in this respect to urge that there is no prior art in the record except the patent to Hartley. In re Eliot, 76 F.2d 309, 22 C.C.P.A., Patents, 1088.

The want of tunability in the British patent, mentioned in the decision of the

board, was its reason for thinking the rejected claims were not anticipated by the patent. But that there existed in the art, before the filing date of appellant, knowledge of tuning two electric circuits by a single means cannot be gainsaid. This is shown in the opinion of this court in Re Vreeland, 39 F.2d 977, 17 C.C.P.A., Patents, 993, cited in the brief of the solicitor. In that case the court said:

"It has been well known in the art for a considerable period that in a radio receiving system, better results are obtained when two electrically tuned circuits are provided, one an antenna or collecting, grounded circuit, and another local circuit coupled thereto and resonant therewith. It is also well known that if these circuits can be tuned by a single means, the efficiency of the system is greatly increased. * * "

The opinion in the last cited case is dated April 14, 1930. Thus it seems that, since the application of appellant was filed on May 6, 1931, tuning by a single means to receive from any chosen broadcasting station was well known in the art for more than a year before appellant's filing date, and the board may have had this very case in mind.

From what has hereinbefore been said, we conclude that there is in the prior art, as shown by the record, more than just the patent to Hartley as appellant contends.

■ It is true that the board, in affirming the examiner's rejection of the claims, based its conclusion on somewhat different reasoning. Even though the ground of rejection be new, it does not vitiate the decision of the board. In re Mulligan, 83 F. 2d 917, 23 C.C.P.A., Patents, 1220.

■ The patent to Hartley does not, as appellant correctly states, "include the feature of tuning these adjustable filters to signals from any of a plurality of stations," but the claims were not rejected by the board on the Hartley patent alone. We think it has been shown that tuning a receiver to receive signals from any one of a number of transmitting devices is old in the prior art referred to by the board.

The Hartley patent taken alone does not meet the claims. It does, however, teach "the maintaining of a definite relationship between filters which may be used either for transmitting or for receiving signals." This evidently is what the board had in mind when it coupled the said teaching with other features of the prior art practice to hold the rejected claims unpatentable. It is our opinion that all of the elements used in the system set out in the rejected claims are shown to be old in the prior art and the combination of the same would be obvious to one skilled in the art.

We think the board arrived at a correct conclusion in stating that—

"In our opinion the claims on appeal involve a mere extension of the present broadcasting practice in a manner within the skill of the art, bearing in mind the present practice of the art with respect to such transmitting systems as are involved in the Hartley disclosure."

The decision of the Board of Appeals is affirmed.

Affirmed.