28 C.C.P.A. (Patents)

In re ANDRUS.
Patent Appeal No. 4467.

Court of Customs and Patent Appeals.
May 5, 1941.

Elwin A. Andrus, of Milwaukee, Wis., for appellee.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the examiner denying patentability of a claim, numbered 8, in appellant's application for patent relating to "Corrosion-Resistant Metallic Structures," filed April 6, 1935. Eight claims, Nos. 1 to 7, inclusive, and No. 9 stand allowed.

The appealed claim reads: "8. A corrosion-resistant metallic structure which comprises a metal base, a coating applied to said base, said coating being resistant to the action of corrosive agencies present in the medium contacting therewith and of high electrical resistance, and being so firmly bonded to the metal base as to remain undetached therefrom by the hydrogen pressure developed when an electric current passes from said medium into the metal base through defects in its coating, and means for maintaining the metallic structure electrically negative with respect to said medium in order to cathodically protect from corrosion those parts of the structure which are not protected by the coating."

It appears that the application has twice been acted upon by the respective tribunals of the Patent Office. As originally acted upon by the examiner, it embraced seven claims, numbered 1 to 7, and that tribunal rejected all of them upon prior art cited. Upon appeal to the board that tribunal, on July 20, 1937, reversed the decision of the examiner and allowed the claims. The application seems to have reached the stage of allowance August 2, 1937, but on November 29, 1937, the applicant, not having paid the final fee, filed a petition for renewal, amendment to allowed claim 1 being made, and two additional claims (8 and 9) being submitted. The examiner again rejected all the claims, citing certain art which, appar-

ently, had not been cited originally. Upon appeal, the board again reversed the examiner as to all the claims, except the new claim 8 which is now at issue.

The prior art cited by the examiner in his statement following the second appeal to the board was embraced in two patents and a publication listed as follows:

Smith, 1,842,298, January 19, 1932.

Perkins, 1,958,765, May 15, 1934.

Proc. American Petroleum Institute, Vol. 14, Sec. IV (1933) page 152.

The examiner first rejected claim 8 along with all the others on the first and third of the above references and then rejected it upon the Perkins patent also, saying in his statement: "Claim 8 is also deemed unpatentable over Perkins. The lacquered container of this reference in electrical contact with an aluminum alloy meets the structural elements of this claim. The functional definition of the coating without any indication of the constitution thereof, is insufficient to distinguish patentably over the reference structure. Moreover, the varnish, lacquer or paraffine coating of the reference are deemed to possess the same functions and characteristics."

In its decision the board, after stating, in substance, that the newly cited references upon which the claims were rejected by the examiner were not regarded by it as being substantially different from those upon which claims 1 to 7 had originally been rejected by him, which rejection the board had reversed, and after again allowing those claims (together with claim 9), said of claim 8: "Claim 8 is based so broad as to cover the obviously desired end and, in view of the state of the art, we do not consider that appellant is entitled to a monopoly of this breadth."

We assume that by use of the clause "in view of the state of the art," the board approved the application with respect to claim 8 of all the art cited by the examiner. So considering it, it seems to us that the brief filed before us by the Solicitor for the Patent Office accurately states the situation as follows:

"It seems obvious * * * that so far as appealed claim 8 is concerned, appellant is claiming the same three element combination which was old in the prior art, namely, metallic base, the coating therefor, and the means for connecting the negative terminal of the source of direct-current voltage to the metal base.

"Mere inspection of the claim itself shows that the only feature at all in which it purports to distinguish from the prior art is in the nature of the coating used upon the metal base and it is further obvious that the coating is described wholly in terms of its result rather than by the structure of the coating itself."

In its decision of July 20, 1937, above alluded to, the board held that it was patentable to substitute an "old coating of vitreous enamel for the bituminous coating which had been described for use in connection with the electrical corrosion-preventing means," because, as stated by it, "we have no reason to believe that it would occur to one skilled in the art that the blistering of the coating could be avoided by switching from the bituminous material to the enamel."

It is obvious from its decision, involved in the instant appeal, that the views thus expressed were adhered to with respect to claims 1 to 7, notwithstanding the additional art cited by the examiner, but that it regarded the appealed claim, in view of such additional art, as being too broad in character.

Specifically, appellant was granted claims which defined the use of vitreous enamel instead of bituminous material for coating purposes. In the appealed claim, however, no specific coating material is designated, but appellant attempts to secure patent on a structure including any and all coating materials "resistant to the action of corrosive agencies." The examiner pointed out in the paragraph quoted, supra, that the lacquered container of the patent to Perkins meets the structural elements of structural claim 8. The phrase "resistant to the action of corrosive agencies" defines a result obtained by use of material and not the material for obtaining the result.

Much space has been devoted in the brief filed on behalf of appellant to a comparison of the appealed claim with certain of the allowed claims in the effort to show a similarity in principle between the former and the latter. No sufficient reason is advanced, however, for our not observing the general rule to the effect that a rejected claim will not be measured by an allowed claim in passing upon the patentability of the rejected claim. We are of opinion, considering the appealed claim

upon its merits, that it was properly rejected. If some of the claims which stand allowed should have been disallowed for the same reason that controls with respect to the rejected claim, the situation presented thereby is one over which this court has no jurisdiction under the facts of this case.

The decision of the board is affirmed.

Affirmed.