30 C.C.P.A.(Patents)

**In re FREEDLANDER.**
Patent Appeal No. 4761.

Court of Customs and Patent Appeals.
June 1, 1943.

Toulmin & Toulmin, of Dayton, Ohio (John M. Mason, H. A. Toulmin, Jr., Rowan A. Greer, and Duward C. Staley, all of Dayton, Ohio, of counsel) for appellant.

W. W. Cochran, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal brings before us for review a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting for lack of invention over the cited prior art claims 20, 21, 22 and 23 of appellant's application for a patent. No claims were allowed.

Claim 20 is illustrative of the subject matter involved and reads as follows: "20. A raw edge belt comprising a belt body formed of laminated layers, said layers providing a compression, neutral axis and tension section; a rubberized fabric portion forming the inner surface side of the belt, said rubberized fabric portion having spaced shallow grooves formed therein which extend substantially at right angles to the side walls of said belt, said grooves increasing the flexibility of the belt so that it can be bent through a relatively small radius of curvature and wherein the compressive force acting on the body of the belt when bent is dissipated in distorting the grooves."

The references cited are:

Freedlander       2,016,140   Oct.  1, 1935
Freedlander       2,054,619   Sept. 15, 1936
German patent     611,975     Apr.  11, 1935

Appellant's alleged invention is sufficiently described in the above quoted claim.

The main difference between the belt disclosed in the Freedlander Patent 2,016,-140 and the belt here claimed is that in the patent substantial portions of the compression section are cut away to produce spaced cogs or teeth on its under side, while in appellant's instant application there is no cutting of the compression section to form grooves, but there is provided a rubberized fabric portion forming the inner surface of the belt with spaced shallow grooves formed therein, the depth of the grooves being substantially equal to the thickness of the fabric covering. The object of the grooves is to increase the flexibility of the belt. The grooves disclosed in the patent have the same object. Appellant's instant application states that the grooves are preferably molded into the belt surface, forcing the fabric layer into the compression section so as to form the groove portion.

Appellant's Patent 2,054,619 discloses a belt composed of alternate layers of fabric. Protuberances are provided on the inner surface of the belt. The patent states, however, that in lieu of protuberances depressions may be sunk below the level of the inner surface of the belt, and that the depressions may be either circular or diamond shaped, or of any desired outline. The patent states that in general the method of making the belt is by use of molds.

Appellant contends that his said Patent 2,054,619 deals only with a wrapped belt and has no relevancy to a raw-edge belt, such as is here involved. However, the patent states: "Another object is to provide a combined fabric-and-rubber belt with inclined sidewalls and protuberances or depressions upon its inner surface, either with or without a wrapper."

The German patent relates to a wrapped belt with transverse grooves upon the inner side thereof, apparently, from the drawing, substantially equal to the thickness of the fabric. These grooves are formed by pressing in the fabric and not by molding.

However, only appealed claims 22 and 23 make any reference to molding.

It was the view of the examiner and of the board that to make the grooves shallower than those disclosed in appellant's Patent 2,016,140, or by molding operations instead of cutting operations, would be devoid of invention, in view of appellant's Patent 2,054,619, and of the German patent.

We are in accord with this view. It seems to us that appellant's Patent 2,054,619 clearly suggests such modification of the structure disclosed in appellant's Patent 2,016,140 as is here claimed.

Appellant devotes a considerable portion of his brief to the proposition that he has been allowed a patent, which is in the record, containing claims similar to those here involved but applied to a wrapped tire.

We have many times held that the general rule is that in passing upon the rejection of a claim by the Patent Office we will not consider allowed claims in other applications or patents.

Instances of such holdings are: In re Eitzen, 86 F.2d 759, 24 C.C.P.A., Patents, 798, and In re Andrus, 119 F.2d 428, 28 C.C.P.A., Patents, 1113.

There is nothing in the record before us which warrants a departure from this rule.

For the reasons herein stated the decision appealed from is affirmed.

Affirmed.