43 C.C.P.A.(Patents)
**Application of Arthur A. McMURRY.**
**Patent Appeal No. 6176.**

United States Court of Customs and Patent Appeals.
Feb. 21, 1956.

G. R. Harris, Pittsburgh, Pa. (John F. C. Glenn, Pittsburgh, Pa., of counsel), for appellant.

Clarence W. Moore, Washington, D. C., for Commissioner of Patents.

Before O'CONNELL, Acting Chief Judge, and JOHNSON, WORLEY and COLE, Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of claim 12 of appellant's application, No. 151,233, for a patent on a drawsheet for a bed. One claim was allowed. The appealed claim is as follows:

"12. A washable drawsheet for covering a mattress comprising a laminated central section consisting of upper and lower textile panels and an intermediate panel of flexible waterproofing material impregnating the under side of the upper textile panel and the upper side of the lower textile panel so as to bond the central section firmly together, said section being sufficient in size to cover at least the upper surface of a mattress, and textile side panels adapted to tuck under a mattress and hold the drawsheet in place."

The single reference relied on is: Jooss et al. (British), 418, 482, October 25, 1934.

Appellant's application relates to a drawsheet having a central waterproof section designed to protect a mattress. It corresponds in size to that of the mattress, with side portions of textile material extending beyond the waterproof section and of such size they may be folded around and under the mattress to hold the drawsheet in place. The waterproof section consists of a layer of impervious material, such as rubber latex, which impregnates and is bonded to upper and lower layers of textile material. The impervious layer and one textile layer have the same size as the mattress, while the other textile layer is sufficiently larger to provide the portions which are to be folded around and under the mattress. The outer edges of the textile portion are provided with strips of flexible frictional material which engage the mattress when the drawsheet is folded around it and aid in holding the drawsheet in place.

The Jooss et al. patent shows a "bed underlay" comprising two sheets of woven or knitted fabric joined together by an intermediate sheet or layer of rubber. The textile and rubber portions are of the same size, and the rubber layer may be applied as a liquid and united to the textile sheets by rolling. It appears from the patent disclosure that the composite sheet or underlay is of the same size as the mattress to be protected, and also states that the underlay may be washed, boiled, or otherwise disinfected.

Appellant contends that his laminated section presents material distinctions over that of Jooss et al., that the composite sheet as claimed, involved a novel concept which, although simple, was not obvious, and that appealed claim 12 involves the same inventive concept as claim 11, which was allowed by the board. Those contentions will be considered individually below.

We are in agreement with the Patent Office tribunals that the statement in appealed claim 12 that the waterproofing material impregnates the under side of the upper textile panel and the upper side of the lower one does not distinguish from what is shown by Jooss et al. The

application of liquid rubber followed by rolling, as described in that patent, would necessarily result in the impregnation of the adjacent surfaces of the textile panels by the rubber, and it is that impregnation which bonds the textile panels together. Whether the rubber penetrates entirely through the panels or not is immaterial since the appealed claim contains no statement as to that matter. It may be noted, however, that since the patent states that the outer layers of the composite sheet are absorptive and warmth-preserving, it is evident that the rubber does not impregnate the outer surfaces of those layers.

█ In our opinion, the Jooss et al. patent clearly discloses everything called for by the appealed claim except "textile side panels adapted to tuck under a mattress and hold the drawsheet in place." It was held, and we think properly so, by the examiner and the board, that no invention would be involved in extending one of the textile panels of Jooss et al. beyond the composite sheet to provide side portions which could be wrapped around a mattress.

It is, of course, common to make bed sheets of such size that they not only cover the top of the mattress but may be folded around and under it to hold them in place. The application of that idea to the Jooss et al. sheet would seem to be an obvious expedient.

█ The Board of Appeals noted in its decision that it is a familiar practice to apply protective pads or bandages to parts of the body by means of lateral attaching portions of flexible fabric construction. Appellant did not question that statement nor call for an affidavit as to its accuracy under Patent Office Rule 107, 35 U.S.C.A.Appendix, and we must accordingly accept the board's statement as correct. In re Lewis, 96 F.2d 1009, 25 C.C.P.A., Patents, 1273; In re Weijlard, 154 F.2d 133, 33 C.C.P.A., Patents, 837; and In re Ayers, 154 F. 2d 182, 33 C.C.P.A., Patents, 874. The fabric attaching portions employed in the practice noted by the board are generally similar to the side panels recited in claim 12, and would serve to suggest the use of such panels on a composite drawsheet if it were not otherwise obvious.

Appellant contends that, although the claimed article is simple, there was invention involved in the concept of providing a composite sheet with textile panels. We are unable to agree with that contention, since we are of the opinion that such panels merely perform an old function in an old and obvious way. The problem of holding a sheet in place on a mattress is essentially the same regardless of the specific material or materials employed and the choice of materials is one calling for nothing beyond the ordinary skill of the art.

█ Appellant also alleges that appealed claim 12 covers the same inventive concept as claim 13, which was allowed by the Board of Appeals. Claim 13 depends upon claim 12 but is further limited to the use of marginal panels of flexible frictional material for engaging the underside of the mattress. While it was the opinion of the board that those marginal panels, in combination with the elements recited by claim 12, constituted a patentable invention, it is well settled that appealed claims must be judged on their individual merits and not on the basis of a comparison with other claims which have been allowed. In re Eitzen, 86 F.2d 759, 24 C.C.P.A., Patents, 798; In re Andrus, 119 F.2d 428, 28 C.C.P.A., Patents, 1113; In re Freedlander, 136 F.2d 759, 30 C.C.P.A., Patents, 1179, and In re Lee, 139 F.2d 717, 31 C.C.P.A., Patents, 768.

█ For the reasons above set forth, we agree with the tribunals of the Patent Office that appealed claim 12 defines nothing more than an obvious modification of the article shown by the Jooss et al. patent, and was, therefore, properly rejected.

The decision of the Board of Appeals is accordingly affirmed.

Affirmed.