46 CCPA

### Application of Edwin W. ATWOOD.

### Patent Appeal No. 6454.

United States Court of Customs and Patent Appeals.

June 30, 1959.

Barnes, Kisselle, Raisch & Choate, Detroit, Mich. (John M. Kisselle, Detroit, Mich., and L. Aubrey Goodson, Jr., Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Arthur H. Behrens, Washington, D. C., of counsel), for Comr. of Patents.

Before WORLEY, Chief Judge, RICH, MARTIN, and SMITH, Judges, and Judge ALEXANDER HOLTZOFF.[1]

WORLEY, Chief Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the Primary Examiner's rejection of claims 1, 2, 3, and 5 to 11, inclusive, of appellant's application for a patent on moisture-proof sheet wrapping material. Claims 1 and 7 are representative and read:

"1. As a new article of manufacture a moisture-proof sheet of self-sealing wrapping material adapted completely to encase an article and thereby seal the same against outside moisture, said article comprising a thin, flexible paper sheet normally pervious to moisture, said sheet having on one surface thereof an exposed, comparatively thin

---

1. United States District Judge of the U. S. District Court for the District of Columbia, designated to participate *in place of*

*Judge O'Connell,* pursuant to the provisions of Title 28 United States Code § 292(d).

film of foil completely covering said surface and thereby imparting moisture-proof properties thereto, and on its other surface exposed, flexible, dried, substantially continuous film formed of a membrane of partially setup rubber, said film covering the complete said other surface of the sheet and being substantially dry and non-tacky and yieldingly self-adhering when portions thereof are brought into engagement at ambient temperature, but being non-adhesive to such surfaces as wood, glass and metal, the said non-tacky, self-adhering film co-operating with said foil in moisture-proofing said paper sheet.

"7. As a new article of manufacture, a moisture-proof sheet of self-sealing wrapping material adapted completely to encase an article and thereby seal the same against outside moisture, said article comprising a thin, flexible, paper sheet normally pervious to moisture, said sheet having on one surface thereof an exposed, comparatively thin, flexible moisture-impervious coating, as metal foil, completely covering the surface and thereby imparting moisture-proof properties thereto, and on its other surface an exposed, flexible, dried film consisting essentially of coalesced vulcanized rubber particles, said last-mentioned film covering the complete said other surface of the sheet and being substantially dry and non-tacky and self-adhering when portions thereof are brought into engagement at ambient temperature but being non-adhesive to such surfaces as wood, glass and metal, the said non-tacky, self-adhering film co-operating with said moisture-impervious material in moisture-proofing said paper sheet."

The references relied on are

Baer      2,373,285   April 10, 1945.
Jennings  2,432,075   December 2, 1949.

Appellant's application relates to a laminated sheet material especially adapted for wrapping foodstuffs for freezing. It is composed of a middle layer of thin, flexible, normally pervious paper, having one of its surfaces completely covered by a thin film of foil, and the other by a flexible dried film of partially set-up rubber which is nonadhesive to surfaces such as wood, glass and metal, but is yieldingly self-adhering when portions of it are brought into engagement with each other. A material suitable for the latter film is said to be "Protex # 11,776." The foil layer renders the composite sheet impervious to moisture and also serves to retain it in whatever shape it is given when used for wrapping a package.

The patent to Baer discloses a container which, in the specific form illustrated, is a tobacco pouch, and which is made of a composite sheet comprising a middle layer of thin pervious paper having one of its surfaces completely covered by a layer of foil, and the other by a layer of a thermoplastically cohesive material such as a rubber hydrohalide, an example of such material being "Pliofilm." The latter material will not adhere either to itself or to other surfaces at room temperature, but may be rendered cohesive by the application of heat and pressure. It is clear from Baer's disclosure that he does not desire the material to adhere to itself at normal temperatures since he contemplates that his pouch is to be repeatedly opened and, as the contents are used, closed by wrapping a flap around the body portion of the pouch.

The Jennings patent discloses a sheet wrapping material consisting of paper, one side of which is completely covered with a layer of a latex capable of cohering to itself at normal temperatures. An especially suitable material for this purpose is said to be Protex No. 11,776, the identical material employed by appellant.

The principal rejection of all the appealed claims was based on the Baer patent on the ground that it would not require invention, in view of the Jennings patent, to replace the thermoplastically cohesive layer of Baer by a layer of "Protex No. 11,776;" in other words,

such a substitution would be obvious to one skilled in the art. It is clear that the proposed substitution would result in a sheet material satisfying the requirements of the appealed claims. Appellant contends that he uses a substantially thinner coating of "Protex" than does Jennings, but there is nothing in the claims limiting them to a thickness less than that disclosed by Jennings. The actual properties of the cohesive material are set forth at length in the claims, but since Jennings discloses the same material as does appellant, those properties are inherent in it.

It follows that if the proposed substitution would be obvious to a person skilled in the art, appellant's claims were properly rejected. It appears to us that the substitution would be obvious, since all that is involved is the replacement of one cohesive coating by another, both coating materials and their properties being disclosed in the references relied on. The selection of a known coating material having properties suitable to a particular use is within the skill of the ordinary worker in the art.

Appellant argues that Baer's teaching leads away from the use of a material which is coherent at room temperature. That argument appears to be sound so far as the specific disclosure of a tobacco pouch is concerned. Since the pouch is intended to be repeatedly opened and closed, it would not be desirable to incorporate a material which would stick to itself under normal conditions of use. However, Baer's disclosure contemplates envelopes and containers broadly, and is not limited to pouches. If the container to be made were of a type not designed to be closed after it was opened, it would be unnecessary to avoid a sticking of the material to itself, and materials which are cohesive at normal temperatures would be suitable.

There appears to be no particular co-action between the foil layer on one side of the paper and the specific type of the cohesive layer on the other side. Each of those layers would perform substantially the same function in the same way

regardless of the presence or absence of the other. Under such circumstances we agree with the Patent Office that there would be no invention involved in replacing the cohesive layer of the Baer patent by that of the Jennings patent.

We are also in agreement with the board that it would be obvious in view of Baer to add a layer of foil to the side of the paper layer of Jennings opposite the cohesive layer. Such an addition would produce a material responding to the requirements of the appealed claims. Appellant states that the idea of adding such a layer would not be likely to occur to one skilled in the art for the reason that Baer uses the foil layer to produce an attractive appearance and to render his package opaque, whereas Jennings is concerned with deep freeze packaging and would not be interested in those factors. However, as indicated by its introductory statement, the Jennings patent relates to "wrapping a comestible to maintain its moisture content" and is not limited to deep freeze packaging. The use of opaque and attractive wrappings for comestibles is common and we agree it would be obvious to add a layer of foil to the Jennings material where those properties were desirable.

For the reasons given we are of the opinion the appealed claims were properly rejected as failing to define invention over the cited references.

Appellant has included in the record patents to Trillich, Nos. 2,529,060 and 2,676,897, for self-sealing wrapping material and contends that the material disclosed and claimed in those patents is so nearly identical to appellant's material that the appealed claims should have been allowed, or an interference declared between the patents and appellant's application. It is well settled, however, that in passing on the rejection of claims this court will not, as a general rule, consider allowed claims in other applications or patents. In re Freedlander, 136 F.2d 759, 30 CCPA 1179, and cases there noted. No reason appears for departing from that practice in the instant case. It has also been held that this court is

without jurisdiction to declare or direct the declaration of an interference. In re Smyth, 189 F.2d 982, 38 CCPA 1130. The Trillich patents, therefore, are not pertinent to any issue properly before this court and have not been considered.

In view of our conclusion that all the appealed claims are unpatentable over the references it is unnecessary to consider the further rejection of certain of the claims on the grounds of *res judicata* and lack of sufficient disclosure.

The decision of the Board of Appeals is affirmed.

Affirmed.

SMITH, J., did not participate in decision.